Mitchell HALL, individually,
Plaintiff—Appellant,

v.

Jane RUGGILL, individually,
Defendant—Appellee.

No. 05–16379.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2007.

Filed March 16, 2007.

Alan N. Ariav, Esq., Deconcini Mc-Donald Yetwin & Laci, Tucson, AZ, for Plaintiff–Appellant.

Laura W. Hays, Esq., Denise L. Siegenthaler, Esq., Law Offices of Denise L. Siegenthaler, Phoenix, AZ, for Defendant–Appellee.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

MEMORANDUM *

The district court did not err by dismissing Hall's complaint. The district court held that Hall's complaint failed to allege facts sufficient to demonstrate that Jane Ruggill "published" the letter to a third party, as required by Arizona law. *See* *Peagler v. Phoenix Newspapers, Inc.,* 114 Ariz. 309, 560 P.2d 1216, 1222 (1977). Hall's sole factual allegation supporting the claim that Ruggill "published" the letter was the fact that Ruggill "read, reviewed, typed and edited" a letter written and signed by her friend, Dr. Sandra Smith. This allegation is insufficient, as "publication" requires communication of the defamatory statement to a third party. *See* Restatement (Second) of Torts § 577 (2006) ("Publication of defamatory matter is its communication intentionally or by a negligent act to one other than the person defamed."); *Ledvina v. Cerasani,* 213 Ariz. 569, 146 P.3d 70, 73 (Ariz.Ct.App.2006) ("[I]n the absence of clearly controlling precedent, Arizona's courts view the Restatement as authority for resolving questions concerning rules in defamation cases." (internal quotation and alteration in original omitted)).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.